## Annie Conwisher v. Mary A. N. Johnson.

### Gen. No. 12,598.

This case is controlled by the decision in Conwisher v. Johnson, *ante*, p. 602.

Action of slander. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed July 2, 1906.

WEISSENBACH & MELOAN, for appellant.

FRANK M. FAIRFIELD and ELMER D. BROTHERS, for appellee; JAMES C. BROWN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This action of slander was brought in the Superior Court by appellee against appellant, the *gravamen* of the charge being that appellant on April 1, 1903, at Cook county, said of appellee in the presence and hearing of several persons that "she," meaning appellee, "is a thief."

Appellant is the wife of Max Conwisher, who is the appellant in the preceding case, *ante*, p. 602, and appellee here is also appellee there. That case is slander also, and the words charged as spoken are the same as charged in this case and the accompanying abusive words and epithets are similar in both cases. The difficulty between Max Conwisher and appellee occurred upon the stairs of his building three days preceding the difficulty, the subject-matter of this suit, and the latter occurred at the door of the Conwisher flat.

The cause was tried before the court and a jury on a declaration consisting of one count and the general issue. The trial resulted in a verdict of $250 and a judgment for $150, entered upon a *remittitur* of $100.

The questions of fact have been found by the jury against appellant, in which the trial court evidenced its accord by entering judgment on the verdict less the amount

remitted therefrom by appellee. The evidence was conflicting, and it was for the jury to say with which side the truth lay. The defense was largely upon the lines of counter charges of bad conduct and abusive language on the part of appellee towards appellant, which she denied, and very little in contradiction of uttering the slanderous words imputed to appellant. We are unable to say from a perusal of the evidence that the jury was not warranted therefrom in finding the verdict which it did, and we do not feel called upon to disturb it.

The assignments of error are the same as in the case of Max Conwisher, *supra*, and what was there said, both by reason and analogy on both law and fact, is equally applicable to this case, and we refer thereto, without again repeating what is there said, as controlling our decision in this case.

No instructions on the law were offered or given to the jury at the request or in behalf of appellee, and as the court gave to the jury all the instructions tendered by appellant, she has no cause of complaint in that regard.

There is no error justifying a reversal of the judgment of the Superior Court, and it is affirmed.

*Affirmed.*